STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: TIMOTHY J. REEVES a/k/a Tim Reeves a/k/a Timothy James Reeves, and MISTY KAY REEVES, No. 26-10145-j7

Debtors.

**MEMORANDUM OPINION**

Debtors claimed a homestead exemption in real property that is the subject of a Lease to Purchase Contract ("Lease/Purchase Agreement") with one of the Debtors' parents. The chapter 7 trustee ("Trustee") objected to the Debtors' claim of homestead exemption, asserting that the Debtors may not claim a homestead exemption in real property that they do not own. In addition, the Trustee seeks to exercise the purchase option under the Lease/Purchase Agreement. Debtors contend that the Lease/Purchase Agreement terminated by its own terms and is no longer any value to the bankruptcy estate.

The related contested matters now before the Court are: 1) Trustee's Objection to Debtors' Claimed Exemption ("Objection to Exemption" – Doc. 16) and Debtors' response;[1] and 2) Motion for Order Declaring Lease/Purchase Agreement Terminated and of No Value to the Bankruptcy Estate ("Motion for Declaration of Termination" – Doc. 23). The Trustee's Objection to Motion to Terminate and Request for Order Compelling Specific Performance ("Objection and Request for Specific Performance" – Doc. 29) includes a request for the Court to compel the current owners to convey the real property that is the subject of the Lease/Purchase Agreement to the Trustee.

For the reasons explained below, the Court will overrule the Objection to Exemption. As of the petition date, Debtor's leasehold interest in the real property under the Lease/Purchase

[1] *See* Response to Trustee Objection to Exemptions (Doc. 22).

Agreement, which included an option to purchase the real property, is a sufficient ownership interest in which to claim a homestead exemption under the New Mexico homestead exemption statute. Because the Debtors may claim a homestead exemption based on their leasehold interest under the Lease/Purchase Agreement, it is unnecessary for the Court to rule on the Motion for Declaration of Termination.

PROCEDURAL HISTORY

Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 2, 2026. Trustee filed the Objection to Exemption on March 13, 2026. (Doc. 16). On April 3, 2026, Trustee filed a Notice of Exercise of Purchase Option and Motion to Extend Time to Assume or Reject Executory Contract. (Doc. 18). The Court entered an Order Granting Trustee's Motion to Extend Time to Assume or Reject Executory contract on April 7, 2026. (Doc. 20). On April 15, 2026, Debtors filed their Response to the Objection to Exemption and filed the Motion for Declaration of Termination. (Doc. 22 and Doc. 23). Trustee filed his Objection and Request for Specific Performance on May 5, 2026. (Doc. 29). On the same date, Trustee filed a Motion to Sell Interest in Option and/or Real Property Free and Clear of Liens under Section 363(f) ("Motion to Sell"). (Doc. 30).

Following a status conference on the Objection to Exemption and the Motion for Declaration of Termination held May 20, 2026, the Court entered an order fixing deadlines for the parties to file a joint stipulation of facts and a briefing schedule if the parties wished the Court to decide the two contested matters based on the stipulated facts and without a hearing. *See* Order Resulting from Hearing and Status Conference held May 20, 2026 ("Scheduling Order" – Doc. 39). The Scheduling Order provided that no further hearing on the Motion to Sell will be set until after resolution of the Objection to Exemptions and the Motion for Declaration of

Termination. *Id.* The deadline for Trustee to assume or reject the Lease/Purchase Agreement was further extended to the date that is 30 days after final resolution of the Objection to Exemption and the Motion for Declaration of Termination. (Doc. 40).

The parties timely filed a Stipulation Regarding Facts (Doc. 43) which included a request for the Court to decide the Objection to Exemption and the Motion for Declaration of Termination based on the Stipulation Regarding Facts and the parties' briefs without an evidentiary hearing. The parties consent to the Court taking judicial notice of the docket of this bankruptcy case and stipulate to the Court's consideration of the exhibits attached to the Stipulation Regarding Facts. *Id.* Debtors and interested parties, James M. Reeves and Darlene Reeves ("Owners"), filed Debtors' and Interested Parties' Brief in Support of Right to Claim Homestead Exemption and in Support of Motion for Order Declaring Lease/Purchase Agreement Terminated. (Doc. 45). Trustee filed Trustee's Brief in Support of (1) the Trustee's Objection to Debtors' Claimed Exemption; (2) the Trustee's Objection to Motion to Terminate and Trustee's Request for Order Compelling Specific Performance (Doc. 49) on June 24, 2026, and Debtors and Owners filed a Reply to Trustee Response Brief (Doc. 51), on July 1, 2026. Both contested matters are now under advisement.

## FACTS[2]

Debtors and Owners entered into a written Lease/Purchase Agreement on March 16, 2016. Owners are Timothy Reeves' parents. Under the Lease/Purchase Agreement Debtors

---

[2] The Facts are based on the Stipulation Regarding Facts and the exhibits attached to the Stipulation Regarding Facts. All facts contained in the Stipulation Regarding Facts are incorporated herein by reference regardless of whether they are expressly set forth in this Memorandum Opinion. In addition, with the consent of the parties, the Court takes judicial notice of the docket and all documents filed in the record of this bankruptcy case.

agreed to lease real property located at 3813 Willow Glen Dr., Las Cruces, NM 88005 (the "Property") from Owners. The Lease/Purchase Agreement includes the following provisions:

> Whereas, the parties have agreed that [Debtors] shall take possession of the [P]roperty on 03/16/2016 and have the use of the [P]roperty for a five year lease period with the option to buy the property at or before the end of the lease at a pre-negotiated price, as stated below, and
>
> Whereas, [Debtors] and [Owners] intend that the option for ownership of the [P]roperty shall be available to [Debtors] upon the full completion of this agreement.

Lease/Purchase Agreement, p. 1.[3]

The Lease/Purchase Agreement provides for payments of $725 on the first day of each month beginning April 1, 2016 "for rental of the [P]roperty." *Id.* The agreed purchase price for the Property is $130,000, less a credit of $200 from each month's rent payment. *See* Lease/Purchase Agreement.

Debtors have lived in the Property since March of 2016. Misti Kay Reeves is disabled. Her sole source of income is social security disability. Timothy Reeves has also applied for disability income because he is unable to work after a medical episode suffered in December of 2025. The Lease/Purchase Agreement requires the Debtors to maintain the Property and pay all utilities and renter's insurance for the Property.

Owners and Debtors entered into a renewal of the Lease/Purchase Agreement in March of 2021 (the "Extension").[4] The Extension renewed the Lease/Purchase Agreement "for an additional five year lease period through 03/16/2026." The Extension provided further that

> [a]ll previous stipulations and agreements mentioned in the original contract will continue in effect throughout the additional five year lease period, including the option for [Debtors] to purchase the [P]roperty from the Owners.

[3] Exhibit A to Stipulation Regarding Facts.
[4] Exhibit A to Stipulation Regarding Facts.

Debtors filed their voluntary chapter 7 petition initiating this bankruptcy case on February 2, 2026 (the "Petition Date"). (Doc. 1). Trustee was appointed as the chapter 7 trustee of the bankruptcy estate. On the Petition Date, Debtors had a lease for the Property and an unexercised option to purchase the Property under the Lease/Purchase Agreement. Debtors scheduled an interest in the Property on Schedule A/B, described as a "lease to own contract" with a "balance of $106,600." *See* Doc. 1, p. 10. The scheduled value of the Property is $275,600, "based on Zillow.com valuation." *Id.*

Debtors claimed a homestead exemption in the Property on Schedule C pursuant to N.M.S.A. 1978, § 42-10-9(B)(1) (2023) in the amount of $169,000.00. *Id.* at p. 16. Debtors also scheduled the Lease/Purchase Agreement on Schedule G, identified as follows: "[f]ive year lease period is up 3/16/2026 with an option to renew and/or purchase the [P]roperty from Owners." *Id.* at p. 34.

On or about March 13, 2026, the Trustee, through his counsel, sent a letter to Owners (the "Letter").[5] The Letter includes the following statement:

> [T]he Trustee hereby provides notice that the Estate will exercise the Option for Ownership of the real property located at 3813 Wilo Glen Dr. , Las Cruces, NM 88005.

The Letter invites the Owners to contact the Trustee's counsel "any time on or after March 23, 2026, to discuss implementation of the option to purchase" *Id.* Included with the Letter is an Authorization for Release of Information for property located at 17040 S. Bow String Road, Munds Park, AZ 86017, a copy of the Lease/Purchase Agreement, and a copy of the Extension. *Id.*

Trustee seeks to sell the estate's interest in the option to purchase for $65,000, subject to higher and better offers. *See* Motion to Sell (Doc. 30). The Motion to Sell includes a request to

[5] Exhibit B to Stipulation Regarding Facts.

sell the Property itself through a "double escrow" arrangement whereby the funds necessary to exercise the option and the total purchase price under the option are placed in escrow, with the purchase price to be disbursed to the Owners and the remaining proceeds paid to the Trustee for the benefit of the estate. *Id.*

DISCUSSION

A. <u>Whether Debtors may claim a New Mexico homestead exemption in the Property</u>

Debtors claimed a homestead exemption in the Property under N.M.S.A. 1978, § 42-10-9 (2023), which provides:

> A person shall have a homestead exemption in a domicile or land owned by the person that is the primary residence of the person. Such homestead is exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency or bankruptcy proceedings and from executors or administrators in probate.

N.M.S.A. 1978, § 42-10-9(A) (2023).

The amount of the homestead exemption is $150,000 per person. N.M.S.A. 1978, § 42-10-9(B)(1) (2023). "Domicile" as used in the homestead exemption statute is defined to mean:

> any shelter or dwelling used by the person as a primary residence and may include a mobile home, trailer, recreational vehicle, outbuilding or other similar shelter, regardless of whether such dwelling complies with relevant housing or building regulations.

N.M.S.A. 1978, § 42-10-9(C) (2023).

> This section [referring to the homestead exemption statute] shall be liberally construed in favor of the person claiming a homestead exemption.

N.M.S.A. 1978, § 42-10-9(D) (2023).

It is undisputed that Debtors use the Property as their primary residence. Consequently, the Property constitutes the Debtors' "domicile" within the meaning of the New Mexico homestead exemption statute.

Trustee contends that even though the Debtors use the Property as their primary residence, Debtors may not claim a homestead exemption in the Property because the statutory language provides for a homestead exemption in "a domicile or land **owned** by the person that is the primary residence of the person," N.M.S.A. 1978, § 42-10-9(A) (2023) (emphasis added), and Debtors do not own the Property or the domicile that they use as their primary residence. Debtors counter that their interest under the Lease/Purchase Agreement is a sufficient ownership interest in which to claim a homestead exemption in the Property under the New Mexico homestead exemption statute. Alternatively, Debtors argue that the statute does not require ownership, contending that "owned" as used in the statute, only modifies "land," not "domicile," under a statutory rule of construction known as the "rule of last antecedent,"[6] and "domicile," as defined in the statute, only requires that the shelter be used as the debtor's primary residence. In sum, Debtors urge the Court not to limit the New Mexico homestead exemption statute to fee simple ownership interests notwithstanding the recent change in the statutory language, pointing out that broad application of the statute is consistent with the statute's liberal construction requirement.

1. *Purpose of the homestead exemption statute*

The purpose of a homestead exemption statute "is to protect a debtor's home or preserve funds to provide a shelter for a debtor and the debtor's dependents, despite insolvency, financial distress, or calamitous circumstances." *In re Hamilton*, 461 B.R. 878, 891 (Bankr. D.N.M. 2011)

[6] *See Lockhart v. United States*, 577 U.S. 347, 351 (2016) (describing the rule of last antecedent used in statutory interpretation).

(citations omitted); *see also In re Warren*, 512 F.3d 1241, 1249 (10th Cir. 2008) (stating that the "purpose of having exemptions is to permit a debtor to retain certain necessities . . . without fear of creditors taking them."). Additionally, under New Mexico law, "the homestead exemption is designed to help people from becoming destitute as the result of unforeseen debts." *Morgan Keegan Mortg. Co. v. Candelaria*, 1998-NMCA-008, ¶7, 124 N.M. 405, 406, 951 P.2d 1066, 1067 (citing *Laughlin v. Lumbert*, 1961-NMSC-064, ¶10, 68 N.M. 351, 354, 362 P.2d 507, 509); *Coppler & Mannick, P.C. v. Wakeland*, 2005-NMSC-022, ¶ 9, 138 N.M. 108, 111, 117 P.3d 914, 917 (same). Its purpose "is to benefit the debtor." *Morgan Keegan,* 1998-NMCA-008, ¶ 7 (citing *Ruybalid v. Segura*, 1988-NMCA-084, ¶27, 107 N.M. 660, 666, 763 P.2d 369, 375). And, "as remedial provisions, exemption statutes should be liberally construed." *Id.* (citing *Ruybalid*, 1988-NMCA-084, ¶ 27).

2. *Whether the New Mexico homestead exemption statute covers leasehold interests*

Prior to 2023, the New Mexico homestead exemption statute provided, in relevant part:

> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption.

N.M.S.A. 1978, § 42-10-9 (2007).

Courts interpreting the prior New Mexico homestead exemption statute extended the homestead exemption statute to leasehold interests. *See, e.g., In re Cohen*, No. 7-10-15616-JR, 2012 WL 400719, at *3 (Bankr. D.N.M. Feb. 7, 2012) ("Under the plain language of the statute, this [leasehold interest with option to purchase] constitutes a sufficient interest in the Property in which to claim a homestead exemption."); *In re Hess*, 618 B.R. 13, 19 (Bankr. D. N.M. 2020) (holding that the debtor could claim a homestead exemption in his oral month-to-month leasehold interest, but only to the extent of the estate's interest in the lease); *see also In re*

*Archuleta*, 614 B.R. 892, 896 (Bankr. D.N.M. 2020) ("To come within the exemption, the 'dwelling house' must be "owned, leased, or being purchased by the person claiming the exemption.'" (quoting N.M.S.A. 1978, § 42-10-9 then in effect)).

In 2023, the New Mexico homestead exemption statute was amended to provide an even greater exemption amount; the exemption amount was increased from $60,000 per person to $150,000 per person. *Compare* N.M.S.A. 1978, § 42-10-9 (2007) ("Such a person has a homestead of sixty thousand dollars ($60,000) exempt from attachment . . . .") *with* N.M.S.A. 1978, § 42-10-9(B)(1) (2023) ("The amount of the homestead exemption is . . . one hundred fifty thousand dollars ($150,000)"). Even so, the changed language of the homestead statute speaks in terms of ownership, not "owned, leased, or being purchased" as in the prior statute. *See* N.M.S.A. 1978, § 42-10-9(A) (2023) ("A person shall have a homestead exemption in a domicile or land *owned* by the person that is the primary residence of the person.") (emphasis added). The question, then, is whether "owned" under the current statute means only fee simple ownership in real property or includes a lesser property interest, such as a leasehold interest with option to purchase the property. The Court concludes for the reasons explained below that a leasehold interest with purchase option is a sufficient ownership interest in which to claim a homestead exemption under the current New Mexico homestead exemption statute.

Under New Mexico law, a leasehold interest is a property interest in land. *See Hueschen v. Stalie*, 1982-NMSC-120, ¶ 8, 98 N.M. 696, 698, 652 P.2d 246, 248 ("A lease is generally regarded as a conveyance or grant of an estate in real property for a limited term with conditions." (citing *State v. Evans*, 346 Mo. 209, 139 S.W.2d 967 (1940))); *Resol. Tr. Corp. v. Binford*, 1992-NMSC-068, ¶ 23, 114 N.M. 560, 569, 844 P.2d 810, 819 ("New Mexico courts have always held that leaseholds are personal property; yet we have also noted that a leasehold is

an interest in land."); *cf. Furr's Supermarkets, Inc. v. Richardson & Richardson, Inc.*, 315 B.R. 776, 785 (D.N.M. 2004) (holding that chapter 11 debtor's leasehold interests were in the nature of real property interests subject to attachment by mechanics' liens). Indeed, the New Mexico statute governing property law, N.M.S.A. 1978, §§ 47-1-1 to -16-18 (1991) defines "real estate," for purposes of that chapter, as "lands, tenements and hereditaments, including all real movable property and **leaseholds**." N.M.S.A. 1978, § 47-1-1 (1991) (emphasis added). "'[L]easehold' means an estate in real estate or real property held under a lease." *Id.*[7] Thus, considering the statutory directive to construe the New Mexico homestead exemption statute liberally, because a leasehold interest is an interest in real property, the holder of a leasehold has a sufficient "ownership" interest to fall within the New Mexico homestead exemption statute, provided the debtor uses the leased property as his primary residence.

Courts interpreting other state homestead exemption statutes likewise conclude that homestead exemption rights are not limited to fee simple ownership.

> As a general rule ownership in fee is not essential in order to establish a homestead right in land . . . . Any interest in land coupled with the requisite occupancy is sufficient to support a homestead exemption. It may be supported by a life estate, by a leasehold interest, . . . or by a mere possessory interest or equitable title.

*Mercer v. McKeel*, 188 Okla. 280, 108 P.2d 138, 141 (Okla. 1940).[8] This is so even when the state homestead exemption statute is phrased in terms of "ownership." For example, the Kansas homestead exemption statute allows an "owner or [ ] the family of the owner" to claim a

[7] *See also State ex rel. Truitt v. Dist. Ct. of Ninth Jud. Dist., Curry Cnty.*, 1939-NMSC-061, ¶38, 44 N.M. 16, 96 P.2d 710, 717 (recognizing that "a leasehold for term of years is an interest in land") (citations omitted); *Tri-Bullion Corp. v. Am. Smelting & Ref. Co.*, 1954-NMSC-118, ¶ 18, 58 N.M. 787, 794, 277 P.2d 293, 297 ("During the life of a lease the lessee holds an outstanding leasehold estate in the premises, which for all practical purposes is equivalent to absolute ownership." (citing *Baker v. Clifford-Mathew Inv. Co.*, 99 Fla. 1229, 128 So. 827)).

[8] *See also Marvin & Co. v. Piazza*, 129 Or. 128, 133, 276 P. 680, 681 (1929) ("[The] homestead right does not depend on the character or extent of the estate owned by [the debtor], provided [debtor] is not a mere intruder.") (citations omitted).

homestead exemption in certain property "occupied as a residence." [9] Kan. Stat. Ann. § 60-2301 (2011). Yet under Kansas law, "[a] homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants." *In re Kester*, 339 B.R. 749, 753 (10th Cir. BAP 2006) (quoting *Cole v. Coons*, 162 Kan. 624, 178 P.2d 997, 1003 (1947)), *certified question answered sub nom. Redmond v. Kester,* 284 Kan. 209, 159 P.3d 1004 (2007), and *aff'd*, 493 F.3d 1208 (10th Cir. 2007). The Colorado homestead exemption statute likewise provides an exemption in a home occupied by an "owner or an owner's family." C.R.S.A. § 38-41-201(1)(a) (2022). But because "[t]he nature or extent of the estate or interest of the occupant that may be sheltered under the . . . [Colorado homestead exemption statute] is not specified or limited . . . . [a]ny interest with possession is sufficient to support the homestead right." *In re Parr*, No. BAP CO-17-201, 2018 WL 564572, at *5 (10th Cir. BAP Jan. 26, 2018) (quoting *Brooks v. Black* , 123 P.131 (Colo. App. 1912)); *see also In re Quintana*, 28 B.R. 269, 269 (Bankr. D. Colo. 1983) ("[P]roperty occupied and used by husband and wife as their home is entitled to a homestead exemption, whether occupied by the husband and wife under a lease for

---

[9] The statute provides in full:

> Except as provided in K.S.A. 12-524a, and amendments thereto, a homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporate town or city, or a manufactured home or mobile home, occupied as a residence by the *owner* or by the family of the *owner,* or by both the *owner* and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists.

Kan. Stat. Ann. § 60-2301 (2011) (emphasis added).

term of years or by virtue of ownership of fee simple title." (quoting *In re Hellman*, 474 F. Supp. 348, 350 (D. Colo. 1979)).

The Ninth Circuit observed that most states interpreting similar homestead exemption statutes with an ownership requirement, "conclude[] that a residential leaseholder is an 'owner' for purposes of claiming a homestead exemption." *In re Casserino*, 379 F.3d 1069, 1073-74 (9th Cir. 2004) (collecting cases).[10] The Oregon homestead exemption statute at issue in *Casserino* provided that "[t]he homestead must be the actual abode of an occupied by the owner . . . ." Or. Rev. Stat. § 18.395. The Ninth Circuit found that a debtor's present possessory interest in the property, coupled with the debtor's use of the property as his or her their actual abode or residence, is the primary focus of the exemption statute. *See Casserino*, 379 F.3d at 1073-74. Such focus on a possessory interest rather than the form in which it is held is consistent with the legislative purpose of the exemption statute. *Id.* The Ninth Circuit therefore concluded that the term "owner" used in the Oregon homestead exemption statute "includes residential leaseholders." *Id.* at 1074.

A leasehold interest with option to purchase likewise constitutes a sufficient ownership interest in which to claim a homestead exemption. In *Troutman v. Erlandson*, 44 Or. App. 239, 245, 605 P.2d 1200, 1204 (1980), the court found that a debtor's right to possess property until a purchase option is exercised or lapses is a sufficient possessory right in the property in which to

---

[10] *See also In re Sain*, 584 B.R. 325, 329, 331 (Bankr. S.D. Cal. 2018) (stating that "the form of ownership is not the focus of California's [exemption] statute," finding that a "leasehold interest must be considered a homestead," and concluding that the statutory definition of "dwelling" in the homestead exemption statute includes "leasehold interests that provide debtors an ownership interest in property that allows them to reside in their chosen home."); *In re Dougan*, 484 B.R. 529, 533-34 (Bankr. D. Mass. 2013) (debtors who occupied their principal residence under a 99-year lease were "owners" entitled to claim a homestead exemption in the property under the Massachusetts homestead exemption statute).

claim a homestead exemption under the applicable Oregon exemption statute.[11] The court concluded that because "the debtor had a right of possession until the option expired, he could claim a homestead exemption in the land regardless of whether . . . he exercised the option." *Casserino*, 379 F.3d at 1073 (characterizing *Troutman*, 44 Or. App. 239).

The Court therefore concludes that a leasehold interest, including an option to purchase, is a sufficient property ownership interest in which to claim a New Mexico homestead exemption notwithstanding the change in the language of New Mexico homestead exemption statute, which previously expressly granted a homestead exemption right even if a debtor does not own the land in fee simple, "provided that the dwelling is owned, leased, or being purchased by the person claiming the exemption," N.M.S.A. 1978, § 42-10-9 (2007), and now provides for a homestead exemption "in a domicile or land *owned by* the person that is the primary residence of the person." N.M.S.A. 1978, § 42-10-9(A) (2003) (emphasis added). Allowing a debtor to claim a homestead exemption in a leasehold interest with option to purchase best effectuates the purpose and intent of the statute. The New Mexico homestead statute, as amended, now contains a codified directive to construe the homestead exemption liberally. *See* N.M.S.A. 1978, § 42-10-9(D) (2023) ("This section shall be liberally construed in favor of the person claiming a homestead exemption."). Thus, construing the term "owned" in the New Mexico homestead exemption statute to include leasehold interests in a debtor's domicile is not only historically consistent with prior caselaw, but also carries out the current statutory directive for liberal construction and furthers the statute's intended purpose.

---

[11] The applicable Oregon statute then in effect provided an exemption in a mobile home and property where the mobile home is situated, if it is "the actual abode of and occupied by the *owner*." Or. Rev. Stat. 23.164 (emphasis added) (renumbered 18.428 in 2003, repealed in 2009). The current Oregon homestead exemption statute continues to use the word "owner." *See* Or. Rev. Stat. 18.395(1)(c) (2024) ("To qualify for the exemption . . . the homestead must be the actual abode of and occupied by the owner . . . . ").

B. <u>The amount of the homestead exemption Debtors may claim</u>

All legal and equitable interests of the debtor on the date of filing of the bankruptcy petition become property of the bankruptcy estate. *See* 11 U.S.C. § 541 ("The commencement of a case . . . creates an estate . . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case"). A debtor may claim an exemption in property that, absent allowance of the exemption, would be property of the bankruptcy estate. *See* 11 U.S.C. § 522(b)(1) ("Notwithstanding section 541 . . . an individual debtor may exempt from property of the estate . . . ."). The petition date determines a debtor's exemption rights. *See In re Lampe*, 278 B.R. 205, 210 (10th Cir. BAP 2002) ("A debtor's right to an exemption is determined as of the date that the bankruptcy petition is filed.") (citation omitted), *aff'd*, 331 F.3d 750 (10th Cir. 2003); *In re Romo*, 668 B.R. 661, 667 (Bankr. D.N.M. 2025) ("[T]he petition date is the operative date for determining a debtor's exemption rights.").

On the Petition Date, under the Lease/Purchase Agreement Debtors held a leasehold interest with an option to purchase the Property at a below fair market value price, thereby creating equity in the Property for the Debtors. As determined above, Debtors' leasehold interest is a sufficient ownership interest in the Property in which to claim a homestead exemption under the New Mexico homestead exemption statute. Debtors may, therefore, claim an exemption in that interest. The value of the Debtors' exemptible interest takes into account the value of the unexercised purchase option. Even if the option to purchase were regarded as a contract right

embedded in the Lease/Purchase Agreement,[12] it affects the value of the leasehold estate unless the contract right were severable and severed from the lease prepetition. But here, the option to purchase was not severable. To exercise the purchase option, the lessee (not an assignee of the purchase option) must purchase the Property itself from the lessor. Further, even if severable, the option to purchase was not severed from the lease prepetition.

Trustee relies in part on *In re Hess*, 618 B.R. 17, 19 (Bankr. D.N.M. 2020), which concluded that the debtor's exemptible interest in an unexpired month to month lease had little to no value. [T]he amount of a debtor's homestead exemption is necessarily limited to the value of the estate the debtor holds in the property at issue." *Cohen*, 2012 WL 400719, at *4. The value of an unexpired month-to-month lease without a purchase option is minimal, at best, even if the lease payments are below market, because the lessor may terminate the lease on one month's notice.

By contrast, on the Petition Date, Debtors had approximately a month and a half, until March 16, 2026, to exercise the purchase option under the Lease/Purchase Agreement. Debtors' exemptible interest in the leasehold estate created by the Lease/Purchase Agreement included both their possessory interest under the lease and the right to purchase the Property at substantially below market price. *Cf. Cohen*, 2012 WL 400719, at * 4 (concluding that debtor could exempt up to $60,000 (the full New Mexico homestead exemption amount) based on her leasehold interest and pre-paid option to purchase).

Under the New Mexico homestead exemption statute, Debtors may claim a homestead exemption in the Property of up to $150,000 each. N.M.S.A. 1978, § 42-10-9(A), (B)(1) (2023).

[12] *See Hueschen v. Stalie,* 1982-NMSC-120, ¶ 8, 98 N.M. 696, 698, 652 P.2d 246, 248 ("A lease with an option to purchase real estate creates no estate in the lessee beyond his leasehold interest." (citing *Fourth Nat'l Bank in Wichita v. Hill*, 181 Kan. 683, 314 P.2d 312 (1957))).

On the Petition Date Debtors' interest in the Property included the remaining lease term under the Lease/Purchase Agreement and the option to purchase the Property for a set price of $130,000, less a credit of $200 from each prior rent payment. The Debtors' schedules disclose the option price of $106,600, with the Property having a total value of $275,600 as of the Petition Date. Thus Debtors may claim a homestead exemption in the amount of $169,000, based on their interest in the Property under the Lease/Purchase Agreement as of the Petition Date.

## CONCLUSION

Debtors may claim a homestead exemption in the Property in the amount of $169,000 based on their leasehold interest with option to purchase under the Lease/Purchase Agreement that existed on the Petition Date. Because Debtors' interest in the Property under the Lease/Purchase Agreement is fully exemptible, the Motion for Declaration of Termination is moot, as is Trustee's request for specific performance. There is no non-exempt property interest under the Lease/Purchase Agreement for the Trustee to sell for the benefit of creditors. Thus, even assuming Trustee properly exercised the option to purchase,[13] Trustee would be excused from his obligation to Purchase the Property. Similarly, regardless of whether the Lease/Purchase Agreement is an executory contract, because Court has determined that Debtors' interest in the Lease/Purchase Agreement is fully exempt, there is no longer a need for Trustee to assume it.

[13] *See El Paso Nat. Gas Co. v. W. Bldg. Assocs.*, 675 F.2d 1135, 1140 (10th Cir. 1982) (holding that when the option contract is silent on details such as the date of closing and does not expressly require tender of the purchase price by a specified date, the option holder may exercise the option "merely by giving notice," "leaving the parties to agree at a later date on the details of closing the sale.").

The Court will enter separate orders consistent with this Memorandum Opinion overruling Trustee's Objection to Exemption and denying as moot the Motion for Declaration of Termination.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: September 2, 2026

COPY TO:

R. Trey Arvizu III
Attorney for Debtors
715 E Idaho Ave., Ste 3f
Las Cruces, NM 88001

Stuart B. Rodgers
Nach, Rodgers, Hilkert & Santilli
Attorneys for Chapter 7 Trustee
1220 E Osborn Rd, Suite 101
Phoenix, AZ 85014